652 P.2d 1040

**Charles W. TRIBE and Clotilda Tribe, husband and wife, Plaintiffs-Appellants,**

v.

**SHELL OIL COMPANY, INC., a corporation, and Clayson K. Smock, Defendants-Appellees.**

No. 15832.

Supreme Court of Arizona, In Division.

Sept. 28, 1982.

Rehearing Denied Nov. 2, 1982.

Robinson & Syme by James J. Syme, Glendale, for appellants Tribe.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Michael W. Carnahan, Larry L. Smith and Brian C. Bond, Phoenix, for appellees Shell Oil.

Burch & Cracchiolo by Timothy L. Pierson and Brian Kaven, Phoenix, for appellees Smock.

HAYS, Justice.

Plaintiffs (appellants) brought a negligence action to recover for injuries suffered as a result of a fall while patrons at defendants' (appellees) service station. The trial court granted summary judgment in favor of the defendants and this appeal follows.

We took jurisdiction pursuant to A.R.S. § 12–2101 and 17A A.R.S., Rules of Civil Appellate Procedure, rule 19(e).

Summary judgment is generally not appropriate in negligence actions. It may be granted, however, if the record demonstrates that there is no genuine dispute as to any material fact; if only one inference can be drawn from the undisputed material facts; and, as a matter of law, if the moving party is entitled to judgment. *Nicoletti v. Westcor, Inc.,* 131 Ariz. 140, 639 P.2d 330 (1982); 16 A.R.S. Rules of Civil Procedure, rule 56(c). The primary duty of the reviewing court is to determine whether there is an issue of fact to be tried. Where reasonable minds could reach different conclusions as to the existence of a genuine issue, summary judgment should not be granted. *Wisener v. State,* 123 Ariz. 148, 598 P.2d 511 (1979).

The material facts in this case are not in dispute; rather, it is the factual inferences which arise from the undisputed facts that are in actual dispute. Those facts, viewed in a light most favorable to the party opposing the motion for summary judgment, are developed in the deposition of appellant.

On the day of the accident, July 3, 1978, appellants Mr. and Mrs. Tribe and their two children pulled into appellees' service station. Mr. Tribe bought some gas and drove around the building to the restrooms. Mrs.

Tribe used the restroom, then walked with her daughter to the front of the station in search of a water fountain. Mrs. Tribe and her daughter approached the fountain by taking a short step of approximately *six inches* to get onto the sidewalk upon which the fountain was located. After getting her drink, Mrs. Tribe turned around while cautioning her daughter about the traffic, stepped off a *sixteen-inch* step on the front of the sidewalk and fell heavily, shattering her wrist.

Appellants allege that the location of the water fountain on the premises of the Shell service station is inherently dangerous and negligently designed and constructed. Mrs. Tribe stated that she never saw the sixteen-inch step because she approached the drinking fountain from the side where the step was six inches. She stated that a station wagon obstructed her view of the step and her attention was distracted by the traffic and her concern for her child's safety. Photographs attached to the deposition illustrate the difference in the elevation of the step and show that the riser was painted a contrasting color.

Whether the trial court was correct in granting summary judgment depends on the resolution of two issues: (1) was the condition of the step from which Mrs. Tribe fell open and obvious? and (2) if so, should the appellees have foreseen the harm occurring from that condition?

■ The law is clear in Arizona that a proprietor of a business is under an affirmative duty to make the premises reasonably safe for use by invitees, *Nicoletti v. Westcor, Inc., supra,* and the bare fact that a condition is open and obvious does not necessarily mean that it is not unreasonably dangerous. *Cummings v. Prater,* 95 Ariz. 20, 386 P.2d 27 (1963). It is the general rule that a proprietor is not liable to an invitee for injuries from dangerous conditions which are obvious or as well known to the invitee as to the proprietor. *Daugherty v. Montgomery Ward,* 102 Ariz. 267, 428 P.2d 419 (1967). But, if the proprietor should anticipate the harm from the condition despite its obviousness, he may be liable for physical injury caused by that condition.

The fact that the injured party knew of the danger is not conclusive. *Silvas v. Speros Construction Co.,* 122 Ariz. 333, 594 P.2d 1029 (App.1979).

The Restatement (Second) of Torts states that a possessor of land is generally not liable to his invitees for physical harm caused to them by a condition on the land whose danger is known or obvious to them. But where the possessor has reason to anticipate harm to an invitee from a condition despite its obviousness, duty may require him to warn the invitee or take other reasonable steps to protect him. "Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it ..." Restatement (Second) of Torts, § 343A, comment f (1965).

The appellees cite *Robles v. Severyn,* 19 Ariz.App. 61, 504 P.2d 1284 (1973), in support of the trial court's determination that the condition was open and obvious. In *Robles,* a 3½-year-old guest was injured by a sharp palm frond on a tree in his neighbor's yard. The court held that this *natural* condition was neither hidden nor deceptive and granted summary judgment in favor of the defendants.

■■ We are not dealing with a natural condition such as a palm tree on the premises of the service station. Reasonable minds could easily disagree as to whether a sixteen-inch step down is open and obvious to one who has ascended a six-inch step. Summary judgment is inappropriate where founded on a disputed inference drawn from an undisputed fact. *Nicoletti v. Westcor, supra,* 639 P.2d at 332. Whether the step was dangerous, open and obvious or whether appellees should have anticipated the harm if open and obvious are issues to be decided by a jury in its capacity as triers of fact. The trial court erred in not submitting the case to the jury.

Reversed and remanded for trial.

CAMERON and FELDMAN, JJ., concur.