73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rita NOWLAN and Randall Nowlan, Wife and Husband,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-16186.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1995.
Decided Dec. 28, 1995.
 
 1
 Before: GOODWIN and REINHARDT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 Rita Nowlan, a truck driver, fell and injured her knee while dismounting from a truck making a delivery at a military base in the Arizona mountains. She sued under the Federal Tort Claims Act and appeals a judgment in favor of the government following a bench trial. We affirm.
 
 
 4
 Appellant and her husband, Randall, were employed as semi-truck drivers for Lucas Truck Lines. They were in the process of delivering explosives to and between various military bases around the United States. On January 6, 1989, Appellant and her husband arrived at the Navajo Army Depot to deliver the explosives. Prior to Appellant and her husband's arrival and during their time at the Army base, snow continued to fall heavily.
 
 
 5
 While Appellant was waiting behind several other delivery trucks, she witnessed Appellee's heavy equipment removing the snow from the unloading dock area. This process took approximately 20 to 30 minutes. Appellant also watched as another truck unloaded. Appellant and her husband waited approximately one hour before she arrived at the site of the accident.
 
 II.
 
 6
 The district court's determination of negligence is reviewed under the clearly erroneous standard. Sutton v. Earles, 26 F.3d 903, 913 (9th Cir.1994). After a two-day bench trial, the district court set forth its findings of fact to which it applied the conclusions of law and entered judgment for the defendant. There is ample evidence that supports the district court's decision.
 
 
 7
 The district court stated that the Appellee would be liable to the Appellant for her injuries, if (1) it knew or by the use of reasonable care would have become aware of any slippery condition in a place where it reasonably expected visitors to be, and failed to use reasonable care to make the condition safe for visitors; (2) if it should have realized that the slippery condition involved an unreasonable risk of harm to the visitors, including the Appellant; and (3) if it should have expected that the visitors, including the Appellant, would not discover or realize the danger or would fail to protect themselves from it.
 
 
 8
 The district court found no direct evidence that the Appellee knew of the slippery condition on which Appellant fell, although the slipperiness was so obvious that the district court concluded that Appellee must have known of it. However, the district court indicated that the Appellee should have realized that the condition involved an unreasonable risk of harm to invitees, such as Appellant. Nevertheless, the court concluded that the Appellee should not have expected that invitees, such as Appellant, would not discover or realize the danger or fail to protect themselves from it.
 
 
 9
 Because of Appellant's experience as a truck driver, the weather conditions, and Appellant's opportunity to assess the conditions of the premises, the district court found that Appellee had no reason to suppose that Appellant would not realize the danger or fail to protect herself. Appellant acted on her own volition.
 
 III.
 
 10
 A negligence action may be maintained only if there is a duty or obligation, recognized by law, which requires the Appellee to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm. In Arizona, a proprietor of land has an affirmative duty to keep the premises reasonably safe for invitees; however, the proprietor is not an insurer of the invitee's safety and is not required to keep the premises absolutely safe. Preuss v. Sambos of Arizona, Inc., 635 P.2d 1210, 1211 (Ariz.1981); Markowitz v. Arizona Parks Board, 706 P.2d 364, 367 (Ariz.1985); Tribe v. Shell Oil Co. Inc., 652 P.2d 1040, 1042 (Ariz.1982).
 
 
 11
 In Markowitz, the plaintiff was injured when he dove into shallow water at a state recreational area. This case is particularly instructive in setting forth the factors to consider when establishing the standard of care that a governmental landowner must maintain for invitees. 706 P.2d 364, 367. The relationship of an invitee and a possessor of land "imposes an obligation to take reasonable precautions." Id. at 367. The court in Markowitz noted that the physical circumstances such as size, length of shoreline and nature of terrain affect the determination of what is reasonable, not the existence of a duty. Id.
 
 
 12
 Similarly, in this case, the physical characteristics of the Navajo Army Depot must be taken into consideration when determining whether the Appellee acted reasonably under the circumstances. The district court found that the slippery surface was probably created by packed snow caused by the weight of the 18-wheeler trucks, and not by ice. (ER, section III). The district court also noted that Appellant "sat for an hour, watching the snow removal.... She was an experienced truck driver who knew as a matter of common knowledge that trucks pack snow and that packed snow is slippery." These physical circumstances assist in determining the level of reasonableness to which Appellee was bound. The district court concluded that Appellee used reasonable care to protect Appellant from slipping.
 
 
 13
 In a New Mexico case involving a slip-and-fall in snowy conditions, the court discussed the weather conditions that led to the injury. Carter v. Davis, 394 P.2d 594 (N.M.1964). The Carter court noted that in certain conditions where the ice or snow is smooth, the possessor of the premises has "no greater duty to prevent injury than the invitee has to protect himself or herself, since the dangers are universally known and are equally apparent to each party." Carter at 595 (citing Hallett v. Furr's, Inc., 378 P.2d 613).
 
 
 14
 It is apparent that the conditions at the Navajo Army Depot on January 5 and 6 were not ideal for unloading large items.
 
 
 15
 The possibility that the hazard is "open and obvious" is another factor in determining whether the possessor's failure to correct the hazard or provide a warning was unreasonable. Markowitz at 368 (citations omitted). Although a land possessor is under a duty to his invitees, he is not ordinarily found negligent for injuries to those from conditions that are open and obvious. Id. (citing Tribe v. Shell Oil, Co., 652 P.2d at 1042 (Ariz.1982)). The weather conditions, including the snowfall and snow-covered ground, were neither hidden, nor did they have a deceptive quality. See Robles v. Severyn, 504 P.2d 1284 (Ariz.App.1973).
 
 
 16
 In a situation in which a landowner can anticipate harm to an invitee despite its obviousness, the proprietor may be required to warn the invitee to take reasonable steps to protect against the harm. A proprietor can anticipate harm to an invitee from known or obvious dangers when an invitee's attention is distracted or when the invitee may forget about the condition. Restatement (Second) of Torts Sec. 343(A).
 
 
 17
 The district court found that Appellant had ample opportunity to observe the weather conditions and appreciate the possible risks involved. Appellant acted on her own volition in proceeding with unloading her truck. There is no indication that she did so against her will, or under protest.
 
 
 18
 On this record, the district court's finding that defendant was not negligent was not clearly erroneous.
 
 
 19
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth circuit Rule 36-3