NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARIA LAFFOON, *Plaintiff/Appellant*,

v.

SAFEWAY, INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0096
FILED 10-17-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2021-017914
The Honorable Joan M. Sinclair, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Gallagher & Kennedy PA, Phoenix, AZ
By Kevin D. Neal, Ashley E. Fitzgibbons
*Counsel for Plaintiff/Appellant*

Ray Lego & Associates, St. Paul, MN
By Christopher L. Wilson
*Co-Counsel for Defendant/Appellee Kalil Bottling Company*

Woner Hoffmaster Peshek & Gintert PC, Scottsdale, AZ
By Margaret K. Hoffmaster, Keaton C. Brown
*Co-Counsel for Defendant/Appellee Kalil Bottling Company*

Jones Skelton & Hochuli PLC, Phoenix, AZ
By David L. Stout, Jr., Michael R. Brown, Justin M. Ackerman, Arcangelo S. Cella
*Co-Counsel for Defendant/Appellee Safeway, Inc.*

Rose Law Group PC, Scottsdale, AZ
By C. Ryan Curry
*Co-Counsel for Defendant/Appellee Safeway, Inc.*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Maria Laffoon ("Plaintiff") appeals the superior court's order granting summary judgment in favor of Kalil Bottling Company and Safeway, Inc. (collectively, "Defendants") on her tort claims. We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Plaintiff was injured while shopping at Safeway when she reached for a six-pack of soda placed on the top shelf of a beverage display and several cans fell on her head. Plaintiff was briefly rendered unconscious and taken to the hospital.

**¶3**        The beverage display had been prepared by Kalil, which created a schematic directing that only two rows of six-packs be stacked on the top shelf. When Plaintiff was injured, however, three rows of six-packs were stacked on the top shelf. A Safeway employee completed an incident report after the accident, blaming a Kalil employee for stacking too many rows of soda cans on the top shelf. At her deposition, the Safeway employee said she used Kalil's schematic to inspect the beverage display, ensuring "they have the right flavors in the right slots." The Safeway employee added, however, that she trusted Kalil's employees to stack the product safely.

**¶4**        Plaintiff sued Defendants in November 2021, asserting negligence and premises liability claims. Defendants moved for summary

judgment. After briefing and oral argument, the superior court granted summary judgment to Defendants, reasoning that Defendants were not liable to Plaintiff because the danger was open and obvious. Plaintiff timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶5**        We review de novo the entry of summary judgment, viewing the facts and reasonable inferences in the light most favorable to the non-movant. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). "Summary judgment is generally not appropriate in negligence actions," *Tribe v. Shell Oil Co.*, 133 Ariz. 517, 518 (1982), but the superior court may enter summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, Ariz. R. Civ. P. 56(a).

**¶6**        A negligence claim requires the plaintiff to prove four elements: (1) a duty requiring the defendant to conform to the standard of care, (2) the defendant's breach of that standard, (3) a causal connection between the defendant's conduct and the resulting injury, and (4) actual damages. *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563–64, ¶ 7 (2018).

**¶7**        A business owner has "an affirmative duty to make [its] premises reasonably safe for use by invitees." *Tribe*, 133 Ariz. at 519. An owner is not liable to the invitee, however, "for injuries from dangerous conditions which are obvious or as well known to the invitee as to the [owner]." *Id.* But if the owner "should anticipate the harm from the condition despite its obviousness, he may be liable for physical injury caused by that condition." *Id.* Whether a defendant "should have anticipated the harm if open and obvious are issues to be decided by a jury in its capacity as triers of fact." *Id.*

**¶8**        The superior court granted summary judgment to Defendants because the dangerous condition was open and obvious. That was error because "[t]he fact that the injured party knew of the danger is not conclusive," *id.*, and the record evidence created a fact question on whether Defendants should have anticipated the harm. First, Kalil produced a schematic for the beverage display directing that six-packs should be stacked in two rows on the top shelf, but the six-packs were stacked in three rows when Plaintiff was injured. Second, Safeway produced an incident report from its employee blaming Kalil for deviating from the schematic. Third, that Safeway employee testified that she compared the beverage display to Kalil's schematic to ensure that products were properly located. Based on this evidence, a reasonable person could infer the Defendants

knew, or should have known, the beverage display presented an unreasonable risk of harm to customers.

**¶9**　　　The superior court relied on *Daugherty v. Montgomery Ward*, 102 Ariz. 267 (1967). *Daugherty* is distinguishable, however, because the defendant there possessed no superior knowledge about the dangerous condition from which to anticipate the harm. Because there were disputed issues of material fact at summary judgment, we reverse and remand.[1]

## CONCLUSION

**¶10**　　　We vacate the superior court's grant of summary judgment and remand for further proceedings consistent with this decision. We award taxable costs to Plaintiff upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:　　　JT

---

[1]　　　Defendants also argue that *Quiroz* overruled "older authority relying on foreseeability as part of the duty analysis," but *Quiroz* held that "foreseeability may still be used in determining breach and causation." 243 Ariz. at 565, ¶ 13.