NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

SEGURIDAD OPORUNIDAD Y LIDERAZGO, LLC, *Plaintiff/Appellant*,

*v.*

WHEELHOUSE PROPERTIES, INC., *Defendant/Appellee*.

No. 1 CA-CV 23-0594

FILED 08-06-2024

---

Appeal from the Superior Court in Maricopa County
No.  CV2021-017201
The Honorable Randall H. Warner, Judge

**AFFIRMED**

---

COUNSEL

Martinet Law, Scottsdale
By Philippe Martinet
*Counsel for Plaintiff/Appellant*

The Kozub Law Group, Scottsdale
By Richard W. Hundley
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

**¶1**      Seguridad Oportunidad Y Liderazgo LLC ("Buyer") appeals the superior court's entry of summary judgment in favor of Wheelhouse Properties, Inc. ("Seller") on Buyer's claim for breach of contract, negligence, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment and conversion.  Buyer also appeals the entry of judgment, after a bench trial, in favor of Seller on Buyer's claim for breach of the implied covenant of good faith and fair dealing.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**      Seller sold an investment property ("Property") to Buyer for $154,950 under a purchase contract ("Contract") in 2017.  The Contract allowed Buyer to terminate the sale if the Property was materially damaged before close of escrow.  The Contract also had an "As Is" Clause which read in part:

> AS IS. The CLOSING OF THIS TRANSACTION SHALL CONSTITUTE BUYER'S ACKNOWLEDGMENT THAT THE PREMISES WERE ACCEPTED WITHOUT REPRESENTATION OR WARRANTY OF ANY KIND OR NATURE AND IN ITS PRESENT "AS IS" CONDITION BASED SOLELY ON BUYER'S OWN INSPECTION.

**¶3**      Before the ink on the Contract had dried, a dispute arose over a solar panel lease.  Buyer sued for specific performance to force the sale of the Property ("First Lawsuit") in 2017.  The superior court held a bench trial in November 2020, nearly three years later.  The court granted specific performance to Buyer and ordered Seller to sell the Property to Buyer.

**¶4**      Six months later, still during escrow, Buyer did a final walk-through of the Property ("2021 inspection").  During that walk-through, Buyer noticed a cactus and a tree had been removed from the front yard

and the swimming pool looked poorly maintained.  Buyer still closed on the Property and paid the purchase price in April 2021.

¶5        A few months later, Buyer sued Seller for (1) breach of contract, (2) negligence, (3) negligent misrepresentation, (4) fraudulent misrepresentation, (5) fraudulent concealment, (6) conversion, and (7) breach of the implied covenant of good faith and fair dealing.

¶6        Seller moved for summary judgment on all claims.  The superior court entered summary judgment in favor of Seller on all but the claim for breach of implied covenant of good faith and fair dealing.  After a bench trial in June 2023, the court found Seller did not breach the implied covenant of good faith and fair dealing.  The court found Seller did not remove the cactus and tree or neglect the pool to prevent Buyer from receiving the benefits of the Contract.

¶7        Buyer timely appealed.  We have jurisdiction.  *See* Ariz. Const. art VI, § 9; A.R.S. §§ 12-120.21 and -2101.

## DISCUSSION

### I.        Summary Judgment

#### A.        Breach of Contract

¶8        We review de novo the entry of summary judgment, viewing the facts and reasonable inferences in the light most favorable to the non-movant.  *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).  Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).  We interpret a contract de novo.  *Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38, ¶ 10 (App. 2018).

¶9        Buyer argues the superior court erroneously dismissed its breach of contract claim at summary judgment because the As Is Clause meant the Property must be in the same "present as is condition" in 2021 (at close of escrow) as it was in 2017 (when the Contract was signed).

¶10        We are not persuaded for several reasons.  First, the As Is Clause directed that, by closing the sale, Buyer accepted the Property without representation or warranty to its present condition.  And the sale closed in 2021, not in 2017.

¶11 Second, Buyer could have terminated the Contract under its express terms if it was unhappy with the condition of the Property. But after learning of the Property's condition, Buyer closed the deal rather than walk away, likely because, according to Buyer, "the Property's value increased dramatically" between 2017 and the 2021 close of escrow.

¶12 Third, by closing the sale, Buyer agreed to release Seller from any and all claims and liability arising out of the condition of the Property. We affirm the superior court's entry of summary judgment on the breach of contract claim.

### B. Negligence

¶13 Buyer next argues the superior court erroneously dismissed its claim for negligent maintenance at summary judgment. Summary judgment is generally not appropriate in negligence actions, *Tribe v. Shell Oil Co.*, 133 Ariz. 517, 518 (1982), but will be granted when the record shows "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law," Ariz. R. Civ. P. 56(a).

¶14 Buyer must show four elements to prove negligence, including that: (1) Seller had a duty to maintain the Property, (2) Seller breached that duty, (3) a causal connection exists between Seller's conduct and resulting injury, and (4) Buyer suffered actual damages. *See Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563–64, ¶ 7 (2018). Whether Seller had a duty to exercise reasonable care in maintaining the Property is a question of law. *Martin v. Schroeder*, 209 Ariz. 531, 533, ¶ 6 (App. 2005).

¶15 Here, the superior court held that Seller did not meet the threshold duty requirement. It found Seller owed no duty to maintain the Property because the Contract contained an As Is Clause that expressly disclaimed such a duty.

¶16 Buyer now argues (for the first time on appeal) that Seller had a duty to maintain the plants and pool because Buyer was the equitable owner of the Property from 2017 to 2021, and Seller was akin to a tenant-at-sufferance. We cannot assess that argument here because it rests on a 2017 unrecorded warranty deed, which is not in the record. Because Buyer did not raise this argument in superior court and the document is not in the record on appeal, that argument is waived. *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26–27, ¶ 13 (App. 2000). We affirm the entry of summary judgment in favor of Seller on the negligence claim.

## C. Fraudulent Misrepresentation and Concealment

### 1. Misrepresentation

**¶17** Buyer argues Seller negligently and fraudulently misrepresented to Buyer that Seller would maintain the Property while the First Lawsuit was pending. Buyer claims the As Is Clause was a "representation" that the condition of the Property would be the same in 2021 as it was in 2017. The superior court dismissed these claims because it interpreted the As Is Clause to disclaim any and all representations. It also found the Contract barred liability once Buyer had a chance to inspect the Property and closed the deal.

**¶18** We review the interpretation of a contract de novo and seek to enforce the parties' intent by discerning the contract's plain language. *Earle Invs. LLC v. S. Desert Med. Ctr. Partners*, 242 Ariz. 252, 255, ¶ 14 (App. 2017). When "the intent of the parties is expressed in clear and unambiguous language, there is no need or room for construction or interpretation." *Goodman v. Newzona Inv. Co.*, 101 Ariz. 470, 472 (1966).

**¶19** Here, the Contract's plain language directs that "closing" on the sale constitutes Buyer's acceptance of the Property in its "present as is condition." Closing of this transaction happened in April 2021, not in 2017. Also, the Contract allowed Buyer to terminate the deal if Buyer was unhappy with the condition of the Property. As the superior court correctly noted, "[h]aving closed, [Buyer] accepted the premises 'without representation.'" Therefore, we affirm the entry of summary judgment on both the negligent and fraudulent misrepresentation claims.

### 2. Fraudulent Concealment

**¶20** Buyer next argues Seller fraudulently concealed a missing cactus and tree, along with the poor condition of the pool. But the closing documents state that "[a]ll inspections, contingencies and/or conditions have been met, satisfied, or waived."

**¶21** The Contract also allowed Buyer to terminate the sale before closing if Buyer was dissatisfied with the Property's condition. Buyer toured the Property before closing in 2021 and saw the missing plants and ugly pool, but still closed. *See, e.g., S Dev. Co. v. Pima Cap. Mgmt. Co.*, 201 Ariz. 10, 17, ¶ 13 (App. 2001) (noting that a contract's "as is" clause transfers the risk of loss and duty to inspect a property for "obvious or reasonably discernible defects" to the buyer). We affirm the entry of summary judgment on this claim.

### D.    Conversion

¶22    Buyer contends Seller is liable for conversion because Seller removed the cactus and tree without Buyer's permission. This argument, however, rests on the idea that Buyer was the equitable owner of the Property during the First Lawsuit. This argument was never raised before the superior court, and it hinges on a warranty deed that is not in the record on appeal. Accordingly, that argument is waived. *Englert*, 199 Ariz. at 26–27, ¶ 13. We affirm the superior court's entry of summary judgment on this claim as well.

## II.    Bench Trial

### A.    Implied Covenant of Good Faith and Fair Dealing

¶23    Buyer insists that Seller breached the implied covenant of good faith and fair dealing. After a bench trial, the superior court found it did not. Following a bench trial, we view the facts in the light most favorable to upholding the superior court's decision. *Ariz. Biltmore Hotel Villas Condos. Ass'n v. Conlon Grp. Ariz., LLC*, 249 Ariz. 326, 329, ¶ 3 (App. 2020). We defer to the superior court on issues of witness credibility during a bench trial. *Rogers v. Greer*, 70 Ariz. 264, 270 (1950).

¶24    The implied covenant of good faith and fair dealing prohibits one party to a contract from doing something to prevent another party from receiving the benefits of that contract. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons, LLC. No. 395 Pension Tr. Fund*, 201 Ariz. 474, 490, ¶ 59 (2002).

¶25    We discern no error for two reasons. First, Seller did just what the Contract said. The As Is Clause clarifies that closing on the sale equals Buyer's acceptance of the Property in its present condition without representation or warranty of any kind, and that Buyer agrees to release Seller fully and irrevocably from claims relating to the condition of the Property. And a party who complies with the express terms of a contract cannot be liable for breach of the covenant. *See Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 423–24, ¶ 14 (App. 2002) (the implied covenant of good faith and fair dealing cannot contradict an express term of the contract).

¶26    Second, the evidence shows Seller did not neglect the pool or remove the cactus or tree to "sabotage" the Contract. To the contrary, the landscaper testified that he removed the cactus because it was rotting and he removed the tree because it had died. Seller also introduced invoices at trial showing it maintained the pool. The superior court found this

testimony credible, and we will not reweigh the credibility of witnesses on appeal. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). There is reasonable evidence in the record to support the court's judgment, so we affirm.

## CONCLUSION

**¶27** We affirm. Seller requested attorney fees under A.R.S. § 12-341.01. Because Seller prevailed on appeal, we grant Seller its reasonable attorney fees and costs on appeal, upon compliance with ARCAP 21. We deny the motion for sanctions.



AMY M. WOOD • Clerk of the Court
FILED: AGFV