639 P.2d 330

**Ruth NICOLETTI, aka Ruth Rowe, Appellant,**

v.

**WESTCOR, INC., an Arizona corporation, dba Metrocenter; John Does I through V; and Black Corporations I through V, Appellees.**

No. 15336.

Supreme Court of Arizona, In Division.

Jan. 11, 1982.

Meyer, Vucichevich & Cimala, P. C. by Henry G. Hester, Phoenix, for appellant.

Moore, Jennings, Kepner, Scheffing & Hart by Robert A. Scheffing and Jack R. Cunningham, Phoenix, for appellees.

GORDON, Vice Chief Justice:

Appellant seeks damages for personal injuries sustained when she fell while walking through ornamental shrubbery on the periphery of appellee's shopping center. At the time of the accident, appellant was employed by Rhodes' Department Store, one of the several larger department stores located at Metrocenter, a regional shopping center in Phoenix. Appellant had been employed at Rhodes for over three years.

As had been the practice in previous years, in November, 1976, Metrocenter employees received notice from their respective employers to discontinue parking in the immediate parking facilities and received maps indicating the temporary parking lots. Apparently, during the Christmas shopping season parking is in high demand so employees are given alternate parking spaces. A street dedicated for public use, Metro Parkway, encircles the stores and the immediate parking area. The designated employee parking during the Christmas season is on the far side of Metro Parkway. Sidewalks and crosswalks across Metro Parkway provide access to the designated lots.

On the night of the accident, November 30, 1976, appellant left Rhodes with two co-employees and set out directly across the parking lot in a direct route toward their vehicles. A raised planter lay in appellant's path. The planter is surrounded by a four or five inch cement curb and contains Acaci Ongerup, a hardy vine-like ground cover that can grow to one and one-half feet in height. The planter is angled around the immediate parking lot and comprises part of the outer perimeter of the parking area. Had appellant successfully maneuvered through the foliage she would have alighted onto Metro Parkway some distance from a crosswalk. Appellant by veering to the south could have employed the sidewalk and crossed the parkway within a crosswalk. In appellant's own words, she "made a headwade [sic] right through the center of the thing [planter]" and fell.

Appellant informed Mr. Dannenfelser, the first person at the scene, that she had tangled her feet in the bushes and had

fallen, striking her hand and side. Some thirty days later appellant determined the accident must have been caused by a wire. Although the garment had been washed several times in the interim, appellant discovered the wire in the pants she had worn on the night of the accident. The wire has since been misplaced.

Appellant filed a suit against appellee for her personal injuries. After discovery, the trial court granted appellee's motion for summary judgment. Appellant filed a timely notice of appeal, and we accepted jurisdiction pursuant to Ariz.Const. Art. 6, § 5(3) and Rule 19(e), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

■ The granting of summary judgment is only proper where two prerequisites have been met: first, after examining the entire record there is no genuine dispute as to any material fact and that only one inference can be drawn from the undisputed material facts; second, based upon the undisputed material facts the moving party is entitled to judgment as a matter of law. *Chanay v. Chittenden*, 115 Ariz. 32, 563 P.2d 287 (1977); *Giovanelli v. First Federal Savings and Loan Association of Phoenix*, 120 Ariz. 577, 587 P.2d 763 (App.1978); Rule 56(c), Arizona Rules of Civil Procedure.

■ Summary judgment is not designed to resolve factual issues; nor is it a substitute for trial, even in the interests of the efficient administration of justice. *City of Phoenix v. Space Data Corp.*, 111 Ariz. 528, 534 P.2d 428 (1975). The facts presented to the Court must be viewed in a light most favorable to the party opposing the motion.

"In a motion for summary judgment neither the trial court nor the appellate court may weigh the evidence [citation omitted] and extreme care should be used in granting a motion for summary judgment."

*Northern Contracting Co. v. Allis-Chalmers Corp.*, 117 Ariz. 374, 376, 573 P.2d 65, 67 (1977). Although summary judgment is generally not granted in negligence cases, *Boozer v. Arizona Country Club*, 102 Ariz.

544, 434 P.2d 630 (1967), "it is proper when the record demonstrates that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law * * *." *Barnhizer v. Paradise Valley Unified School District*, 123 Ariz. 253, 254, 599 P.2d 209, 210 (1979).

Appellant had the burden of establishing negligence, in opposition to defendant's motion for summary judgment. *Pendleton v. Cilley*, 118 Ariz. 84, 574 P.2d 1303 (1978). "It is fundamental that before a plaintiff may recover in a negligence action she must show a duty owed by defendant to plaintiff, a breach of duty, and an injury proximately caused by the breach of the duty." *Kiser v. A. J. Bayless Markets, Inc.*, 9 Ariz.App. 103, 106–07, 449 P.2d 637, 640–41 (1969); *accord Boyle v. City of Phoenix*, 115 Ariz. 106, 563 P.2d 905 (1977). Appellant did not successfully bear the burden of establishing actionable negligence.

■ In Arizona landowners have a duty to invitees to maintain their property in a reasonably safe manner. *See McFarland v. Kahn*, 123 Ariz. 62, 597 P.2d 544 (1979); *Berne v. Greyhound Parks of Arizona Inc.*, 104 Ariz. 38, 448 P.2d 388 (1968); *Smedberg v. Simons*, 129 Ariz. 375, 631 P.2d 530 (1981). The particular duty owed to the entrant on the land is defined by the entrant's status. *Robles v. Severyn*, 19 Ariz. App. 61, 504 P.2d 1284 (1973); *see Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 428 P.2d 990 (1967). The Restatement (Second) of Torts (1965) defines the three categories of persons who enter onto another's land.

"§ 329. A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"§ 330. A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"§ 332.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

"(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land."

■ The appellant was a business invitee at the time of the accident. The landowner owes a special duty to an invitee, but this duty may be diluted or extinguished if the invitee engages in explicitly or impliedly unpermitted activities or goes beyond the area to which he or she is invited. In *Southwest Cotton Co. v. Pope*, 25 Ariz. 364, 218 P. 152 (1923), plaintiff was injured by defendant's machine when he ventured into an area that had not been held open to him. This Court stated:

"It is true that those who use premises for the purpose of transacting business thereon with the public thereby invite the public to come and deal with them and therefore owe to those accepting the invitation the duty of using ordinary care to make reasonably safe for their use the place or places assigned to such uses; but even *this duty does not involve in its scope parts of the establishment to which the public is not invited.* Hotel-keepers do not invite guests to their engine-rooms; nor do carriers invite passengers to the many places not fitted up for their use." (Emphasis added.)

25 Ariz. at 377, 218 P. at 156 (quoting *Stamford Oil Mill Co. v. Barnes*, 103 Tex. 409, 128 S.W. 375 (1910).

Although the case before us does not present the precise factual pattern as *Southwest*, we believe the reasoning is analogous. Professor Prosser has addressed the issue of invitees abusing their rights.

"*Area of Invitation*

"The special obligation toward invitees exists only while the visitor is upon the part of the premises which the occupier has thrown open to him for the purpose which makes him an invitee. This 'area of invitation' will of course vary with the circumstances of the case. It extends to the entrance to the property, and to a safe exit after the purpose is concluded; and it extends to all parts of the premises to which the purpose may reasonably be expected to take him, and to those which are so arranged as to lead him reasonably to think that they are open to him * * *."

W. Prosser, *Law of Torts* § 61 at 391–92 (4th ed. 1971).

■ The status of an invitee who goes beyond the scope of invitation changes to a licensee or a trespasser depending on the circumstances. See Prosser, *id.* at 392.

■ The landowner has a duty to provide a reasonably safe means of ingress and egress for those who enter onto the land. *Harris v. Union Stock Yard & Transit Co. of Chicago*, 29 Ill.App.3d 1072, 331 N.E.2d 182 (1975); *Seipp v. Chicago Transit Authority*, 12 Ill.App.3d 852, 299 N.E.2d 330 (1973). The landowner, however, does not have to provide the shortest route to any destination area. *Harris, supra; Seipp, supra.*

Appellant argues that *M.G.A. Theaters, Inc. v. Montgomery*, 83 Ariz. 339, 321 P.2d 1009 (1958) is controlling in this case. In *M.G.A.* this Court held that an owner of a drive-in theater owed a duty to patrons to protect them from dangers caused by third persons, particularly the movement of autos by third persons.

*M.G.A.* is certainly distinguishable on its facts. In *M.G.A.* the plaintiff, a seven-year old, was attending a movie at a drive-in theater. Plaintiff was permitted by her mother to sit on a blanket in front of the car while viewing the picture. Numerous other patrons were doing the same thing and no signs warned against this behavior. The aisles were not lighted and a prominently displayed sign requested that patrons drive with their lights out while in the theater. A car ran over the plaintiff while she was in front of the family car.

The court held that the defendant breached his duty to maintain his premises in reasonably safe condition considering *all of the circumstances.*

The property owner was well aware that unpermitted areas were used by patrons yet did not object to this practice. The Court construed these circumstances as an implied invitation and imposed a duty on the amusement owner.

In the present case appellant left the department store and traversed the parking lot. Instead of using the lighted sidewalk which was provided, appellant voluntarily attempted a shortcut through the planter. Having received the map indicating the temporary employee parking, appellant knew or should have known of the illuminated sidewalks providing egress to the temporary lot. By going to the north or south 100–170 feet appellant could have avoided the shrubbery. Appellant went beyond the scope of her invitation. We will not construe an implied invitation as we did in *M.G.A.* On the few occasions when appellee discovered a child crossing the planter, a strict warning against this behavior was given. Appellee did not have a duty to maintain the decorative planter of dense foliage so that adult employees could safely walk through the greenery to jaywalk across a busy parkway.

Appellant poses the argument that appellee knew or should have known that employees of its tenants were crossing the planter. The Restatement (Second) of Torts Section 333, comment *l* (1965) notes that the fact a possessor of land knows that an invitee is likely to go beyond the scope of invitation is not by itself enough to bring the area within the invitation.

"An invitation usually includes the use of such parts of the premises as the visitor *reasonably believes* are held open to him as a means of access to or egress from the place where his purpose is to be carried out. If the possessor has intentionally or negligently misled him into the reasonable belief that a particular passageway or door is an appropriate means of reaching the area of his invitation, the visitor is entitled to the protection of an invitee when he makes use of it." (Emphasis added.)

*Id.*

A reasonable person could not have thought the planter was an appropriate means of egress from appellee's property nor had appellee misled her into a reasonable belief that it was a proper passageway.

Appellant did not establish that there existed a genuine dispute as to any material fact or any inference that could be drawn from the disputed facts. The existence of a duty is a question of law to be decided by the courts. *Rodriguez v. Besser Co.*, 115 Ariz. 454, 565 P.2d 1315 (App.1977). Appellant further has failed to establish that appellee had a duty to maintain the planter for safe ingress and egress. Appellee, therefore, is entitled to judgment as a matter of law.

We affirm the trial court's granting of summary judgment.

HOLOHAN, C. J., and HAYS, J., concur.