703 P.2d 546

Charles Lynn WILLIAMS, By and Through his guardian and natural mother, Mildred R. WILLIAMS; and Mildred R. Williams, Plaintiffs/Appellants,

v.

Don STEWART, an individual; Don Stewart, as owner of Don Stewart Miracle Valley Church; Don Stewart, as owner of Don Stewart Evangelistic Association Incorporated; Don Stewart Evangelistic Association, Incorporated; Don Stewart Evangelistic Association, Defendants/Appellees.

No. 2 CA–CIV 5277.

Court of Appeals of Arizona, Division 2, Department B.

May 9, 1985.

Haralson, Kinerk & Morey, P.C. by Carter Morey and Denneen L. Peterson, Tucson, for plaintiffs/appellants.

Murphy, Clausen & Goering, P.C. by R. Douglas Holt, Tucson, for defendants/appellees.

## OPINION

LIVERMORE, Judge.

Plaintiff, Charles Lynn Williams, was employed by Don Stewart Evangelistic Association (Stewart) to assist in maintenance of association property. He was asked to clean a swimming pool. In order to do so he had to unclog the drain. He jumped into the pool. This may have caused a pre-existing sinus infection to spread to the brain, substantially damaging him. There is no evidence that Stewart knew of the infection; there is no evidence that dirty pool water caused the spread of the infection. If the water caused the infection to spread it was from the mechanical force of jumping into it. Williams appeals from a summary judgment in Stewart's favor. We have jurisdiction under A.R.S. § 12–2101 and affirm.

Stewart was under a duty to Williams to avoid unreasonable risks of harm. That duty was not breached in this case.

> "No person can be expected to guard against harm from events which are not reasonably to be anticipated at all, or are so unlikely to occur that the risk, although recognizable, would commonly be disregarded." W. Prosser & W. Keeton, Torts 170 (5th ed. 1984).

The harm caused Williams is extraordinary. It would have resulted from allowing any one of those few people susceptible to having infection spread in this manner to use a pool. A pool owner would have no way of distinguishing one at risk from all other pool users and thus could not exercise care to avoid the injury. To allow recovery in this instance would be to impose strict liability on pool owners for freakish injuries of this sort.

Plaintiff seeks to avoid this rule by arguing that allowing the pool to become murky, green, and leaf strewn was negligent, that such negligence created a risk of harm, and that defendant cannot escape liability because harm came about in an unforeseeable way. First, we take judicial notice that pools can become dirty without negligence. Storms, against which no one can take precautions, frequently create pool conditions worse than those described in this case. Even assuming that the pool was dirty because of a failure over a period of time to clean it and that such failure created an unreasonable risk of some kinds of harm, Williams' injury was well outside the scope of foreseeable risk, was unrelated to what made the conduct negligent, and no liability resulted. See W. Prosser & W. Keeton, supra, § 43; *Tucker v. Collar*, 79 Ariz. 141, 285 P.2d 178 (1955); *Schnyder v. Empire Metals, Inc.*, 136 Ariz. 428, 666 P.2d 528 (App.1983). This is not a case "where the duty breached was one imposed to prevent the type of harm which plaintiff ultimately sustained." *Thompson v. Sun City Community Hospital, Inc.*, 141 Ariz. 597, 608, 688 P.2d 605, 616 (1984).

The judgment is affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.