714 P.2d 1319

**William N. SHIELLS, a single man, Plaintiff/Appellant,**

**v.**

**R.F. KOLT and Donald W. Kolt, Oracle Wetmore Carwash, an Arizona partnership, Defendants/Appellees.**

**No. 2 CA–CIV 5500.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 18, 1986.

Druke, Feulner & Cornelio, P.C. by Carmine Cornelio, Richard J. Michela, Tucson, for plaintiff/appellant.

Kimble, Gothreau, Nelson & Cannon, P.C. by Daryl A. Audilett, Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Presiding Judge.

This appeal is from a summary judgment dismissing appellant's personal injury complaint.

The appellant drove to a carwash owned and/or operated by the appellees to buy gasoline. Upon exiting the cashier's office, he vaulted over a two and one-half-foot to three-foot railing along a walkway in front of the office. The railing collapsed and he was injured. The railing, which was made of steel pipe and anchored to the walkway, had previously been damaged by an automobile and one or more of the vertical rails to the anchors was loose. This condition was not obvious to anyone, and the appellant was not aware of it. The purpose of the railing was to provide a safe route to the cashier's office from the gas pumps by separating the walkway from the driveway. In order to get to the cashier, one had to walk around the open end of the rail into the walkway. The appellant had used that route on his way to the office to pay for his gas, but chose a "shortcut" upon his exit.

The appellees contend that this appeal is controlled by the decision of our supreme court in *Nicoletti v. Westcor, Inc.,* 131

Ariz. 140, 639 P.2d 330 (1982). In *Nicoletti,* the court affirmed summary dismissal of an injured department store employee's complaint. The employee had attempted a shortcut across the property through a planter instead of using the sidewalk. She had tripped on either a wire or the vines in the planter. The court found that her status as an invitee had changed to that of a licensee or trespasser because she had engaged in an unpermitted activity or gone beyond the area to which she was invited. The opinion relied on *Southwest Cotton Co. v. Pope,* 25 Ariz. 364, 218 P. 152 (1923), in which the plaintiff, a salesman, in an effort to do business with the defendant, went inside a seedhouse to talk to the cotton company foreman. The foreman was busy at the time feeding a conveyor, part of which, including the seed auger, was covered from plaintiff's view. The injury occurred when the plaintiff's foot was caught in the auger. The court held that, by going to the seedhouse in search of the foreman, the plaintiff had exceeded the scope of his invitation and had become a licensee and that the defendant owed him no duty as to the premises except to not knowingly let him be injured by hidden peril or intentionally cause him harm.

Clearly, this earlier decision was authority for the holding in *Nicoletti.* Since both plaintiffs had gone into an area to which neither had been invited, the facts are analogous. In the instant case, the appellant was in an area to which he had been invited and was, in fact, required to go to the cashier's office to pay his bill. The trial court must nevertheless be affirmed for a different reason, enunciated by the *Nicoletti* court in the following quotation:

> "The landowner owes a special duty to an invitee, but this duty may be diluted or extinguished if the invitee engages in explicitly or impliedly unpermitted activities or goes beyond the area to which he

or she is invited." 131 Ariz. at 143, 639 P.2d at 333. (emphasis added).

*Nicoletti* equates going into an uninvited area with engaging in unpermitted activities. By walking in the planter, the employee had engaged in an unpermitted activity as well as going into an uninvited area.

When an invitee engages in an explicitly or impliedly unpermitted activity, he cannot recover because there is no duty owed and thus no actionable negligence. In the instant case, vaulting over the railing was surely an unpermitted use of that railing. No evidence showed that conduct to be an invited or foreseeable use of the railing. To the contrary, the appellees had installed the railing to provide a safe walkway for customers to walk from the gas pumps to the cashier. No evidence showed that anyone else had ever attempted to vault over the railing or that such conduct had ever been permitted.

The circumstance of the appellant's injury was foreign to any risk the appellees had created by not repairing the damaged railing. The appellant created the situation which resulted in his injury, and the appellees had no legal obligation to protect him. See Prosser and Keeton on The Law of Torts § 44, at 313 (W. Keeton 5th ed. 1984); cf. *Williams v. Stewart,* 145 Ariz. 602, 703 P.2d 546 (App.1985).

Affirmed.

HOWARD and FERNANDEZ, JJ., concur.