NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ERIK ROSALES, *Plaintiff/Appellant*,

*v.*

JOSE ALVARADO, *Defendant/Appellee*.

No. 1 CA-CV 23-0592
FILED 3-19-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2021-014148
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

---

COUNSEL

Martinet Law, Scottsdale
By Philippe Martinet
*Counsel for Plaintiff/Appellant*

Hill, Hall & DeCiancio PLC, Phoenix
By R. Corey Hill, Christopher Robbins
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge David D. Weinzweig joined.

_____

**J A C O B S**, Judge:

¶1        House painter Erick Rosales appeals the summary judgment for homeowner Jose Alvarado in Rosales's suit over serious injuries Rosales suffered tripping over fixed cables he had previously noticed while working on Alvarado's roof.  Rosales argues summary judgment was improper because he was an invitee, and because the fixed cables were not as a matter of law an open and obvious hazard.  Because Rosales admitted seeing and ignoring the fixed cables, even if he was an invitee, there was no issue of fact as to whether the cables were open and obvious.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Alvarado hired Robin Poz, Rosales, and two other men to paint his home.  Alvarado paid them $2,500 for labor and provided the paint and supplies.  Before painting, Poz and Rosales surveyed the house.  Poz told Rosales he would paint the portion on the roof.  On the fourth day of painting, Poz had gone to a home improvement store, while Rosales got on top of the roof.  After Rosales had almost finished painting, he tripped over fixed cables and fell, suffering serious injuries.

¶3        Rosales sued Alvarado, claiming he was an invitee to whom Alvarado owed a duty to make the premises safe.  Alvarado denied these allegations and argued Rosales failed to mitigate his damages.  Alvarado moved for summary judgment claiming he did not owe Rosales a duty to protect him from non-obvious dangers and that the cables were open and obvious.  Rosales opposed, arguing Alvarado had a duty to warn against dangers and that there was a genuine issue of material fact as to whether the cables were open and obvious.  The superior court granted Alvarado summary judgment because Rosales testified that before he began painting the roof, he saw the cables on the roof but forgot about them after he started painting.

¶4        Rosales timely appealed.  We have jurisdiction under A.R.S. § 12-2101(A) and Article 6, Section 9 of the Arizona Constitution.

## DISCUSSION

¶5          Summary judgment is proper when "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review summary judgments *de novo*, viewing the facts in the light most favorable to the nonmoving party. *Lee v. M & H Enters., Inc.*, 237 Ariz. 172, 175 ¶ 10 (App. 2015). We take undisputed facts as true. *Portonova v. Wilkinson*, 128 Ariz. 501, 502 (1981).

¶6          A landowner owes varying duties to invitees, licensees, or trespassers. *Nicoletti v. Westcor, Inc.*, 131 Ariz. 140, 142-43 (1982). For simplicity's sake, we assume Rosales is an invitee, the status entitling him to the greatest degree of protection among those statuses. While landowners owe duties to invitees to provide for their safety, *Ft. Lowell-NSS Ltd. P'ship v. Kelly*, 166 Ariz. 96, 101 (1990), a landowner "is not ordinarily found negligent for injuries to those invitees from conditions which are open and obvious, nor for those which are known to the invitee." *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 356 (1985). Summary judgment is appropriate if no reasonable juror could find that a landowner breached a duty. *Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 9 n.1 (2007).

¶7          Here, no reasonable juror could find Alvarado breached a duty. Rosales testified, "I saw [the fixed cables] before starting the painting, but then once you're painting and you have your adrenaline pumping, you forget about it." Because it is undisputed Rosales saw the fixed cords and failed to attend to them, Alvarado breached no duty to Rosales, because the condition was both open and obvious and "known to the invitee." *Markowitz*, 146 Ariz. at 356. Rosales argues Alvarado should have warned him of the hazard, but given that Rosales admits seeing the hazard, the argument that a lack of warning caused his injury fails because he knew of the hazard and failed to take account of it. *See id.*

¶8          Rosales argues there was an issue of fact as to whether the cables were open and obvious, citing *Shaw v. Petersen*, 169 Ariz. 559, 562 (App. 1991), in which we held that whether a pool was an open and obvious hazard to a child was a question of fact for the jury. *Shaw* does not aid Rosales, because the question about the child's perspective on the hazard was central, and it was unclear the extent to which the pool's danger was obvious to the child.

¶9          Rosales also relies on our unpublished decision in *Perez v. Palace Banquets & Events, LLC*, 1-CA-CV 15-0735, 2017 WL 117115 (Ariz.

App. Jan. 12, 2017) (mem. decision), but it too is readily distinguishable. There, a workman died from electrocution and thus did not give testimony, as Rosales did, which clarified the open and obvious nature of the hazard at issue. *Id.* at *3 ¶ 12. While it is true, as Rosales argues, that whether a hazard is open or obvious is generally a fact issue, that is in part because plaintiffs seldom testify to their prior observation of the hazard at issue. As *Markowitz* explains, a landowner will generally not be liable to an invitee who knows of a hazard. 146 Ariz. at 356. This is a case in which that rule is decisive.

## CONCLUSION

¶10       For these reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4