NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DOUGLAS MCCARTHY and MELODY MCCARTHY, a married couple,
*Plaintiffs/Appellants*,

*v.*

JOHN KUMMERLE and JACKIE KUMMERLE, husband and wife;
PHILLIP YOUNIS and DEBBIE YOUNIS, husband and wife; MOR-DOR
DEVELOPMENT, INC., individually and collectively, d.b.a. RIVER
ISLAND MARKET, an Arizona corporation; CASTLE ROCK
COMMUNITIES, LLC d.b.a. CASTLE ROCK SHORES RV PARK,
*Defendants/Appellees*.

No. 1 CA-CV 24-0887

FILED 10-22-2025

Appeal from the Superior Court in La Paz County
No. S1500CV202400001
The Honorable Marcus A. Kelley, Judge

**AFFIRMED**

COUNSEL

Stone Rose Law Firm, LLC, Scottsdale
By Colby Kanouse
*Counsel for Plaintiffs/Appellants*

Resnick & Louis, PC, Scottsdale
By Derek Warner
*Counsel for Defendants/Appellees Kummerle, et al.*

Wood Smith Henning & Berman, LLP, Phoenix
By Jason R. Mullis, Leo Yang
*Counsel for Defendants/Appellees Castle Rock*

---

## MEMORANDUM DECISION

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

---

**P A T O N**, Judge:

¶1 Douglas and Melody McCarthy ("the McCarthys") appeal the superior court's dismissal of their complaint against Castle Rock Shores RV Park ("Castle Rock") and River Island Market ("the Market"). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 In January 2023, the McCarthys were staying at Castle Rock, an RV park located along a two-lane highway in Parker, Arizona. One evening, Douglas McCarthy ("Mr. McCarthy") crossed the highway from Castle Rock to shop at the Market. While walking back across the road to Castle Rock, he was struck by a car and sustained serious injuries.

¶3 The McCarthys sued Castle Rock and the Market, alleging both businesses failed to adequately illuminate their premises for pedestrians crossing the highway. The McCarthys argued Castle Rock knew of an unreasonable risk of harm from the inadequate lighting, but "did nothing to ameliorate the risk."

¶4 In May 2024, Castle Rock and the Market jointly moved to dismiss the McCarthys' complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6), arguing Mr. McCarthy was not on their premises when he was struck.

¶5 The McCarthys responded to Castle Rock and Market's motion to dismiss in June 2024, arguing that both parties owed Mr.

2

McCarthy a duty to provide a safe means of ingress and egress to their properties, and inadequate lighting on the parties' premises created an off-premises danger of darkness on the highway.

**¶6** The superior court held oral argument in August 2024, and in October 2024, granted the motion to dismiss, finding neither Castle Rock nor the Market owed Mr. McCarthy a duty "in terms of off-premises liability."

**¶7** The McCarthys timely appealed.[1] We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-120.21(A)(1).

## DISCUSSION

**¶8** The McCarthys argue that because Mr. McCarthy was an invitee, Castle Rock and the Market owed a duty to maintain their premises in a reasonably safe condition. The McCarthys contend that inadequate lighting on both properties created an unreasonable risk of harm that Castle Rock and the Market knew existed. The McCarthys emphasize that the business-invitee relationship between the parties imposes a duty on Castle Rock and the Market to provide safe ingress and egress from both properties, and that they breached that duty by not maintaining their premises.

**¶9** We review the superior court's dismissal of a complaint under Rule 12(b)(6) de novo. *Conklin v. Medtronic, Inc.*, 245 Ariz. 501, 504, ¶ 7 (2018). Dismissal under Rule 12(b)(6) is proper if "as a matter of law [the Plaintiff] would not be entitled to relief under any interpretation of the facts susceptible of proof." *CVS Pharmacy, Inc. v. Bostwick*, 251 Ariz. 511, 576-77, ¶ 10 (2021) (internal quotation omitted). We treat well-pleaded material allegations as admitted but do not accept as true legal conclusions or unwarranted deductions of fact. *Johnson Int'l, Inc. v. City of Phx.*, 192 Ariz. 466, 470, ¶ 19 (App. 1998).

**¶10** A plaintiff must prove the following four elements to prevail on an ordinary negligence claim: (1) the defendant had a duty to conform to a certain standard of care, (2) the defendant breached that duty, (3) a causal connection existed between the defendant's conduct and the resulting injury, and (4) damages occurred. *Gipson v. Kasey*, 214 Ariz. 141,

---

[1] Castle Rock filed an Answering Brief but the Market did not. Although we could treat this failure to respond as a confession of reversible error, in the exercise of our discretion, we decline to do so. *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 4 n.3 (App. 2014).

143, ¶ 9 (2007). Whether a duty exists is a question of law we review de novo. *Diaz v. Phx. Lubrication Service, Inc.*, 224 Ariz. 335, 338, ¶ 12 (App. 2010). A negligence action cannot be maintained unless a duty exists. *Id.* Duty may be based on a special relationship between the parties or on a relationship shaped by public policy. *Gipson*, 214 Ariz. at 144-45, ¶¶ 18-23; *see also Perez v. Circle K Convenience Stores, Inc.*, 259 Ariz. 221, 228, ¶ 21 (2025) ("[T]he proper inquiry in the duty analysis is whether a *special relationship* existed between the plaintiff and defendant and, if so, whether the risk of harm alleged to have injured the plaintiff arose within that relationship." (emphasis added)).

¶11 Arizona imposes on landowners a duty to invitees to maintain their premises in a reasonably safe condition. *Nicoletti v. Westcor, Inc.*, 131 Ariz. 140, 142 (1982). Landowners have "a duty to provide a reasonably safe means of ingress and egress for those who enter onto the land," whether as public invitees who enter the land as members of the public, or as business invitees who enter the land for purposes connected with business dealings. *Nicoletti*, 131 Ariz. at 143. But "[o]nce an invitee safely leaves the premises, the landowner-invitee relationship terminates, as does the landowner's duty to the invitee." *Ritchie v. Costello*, 238 Ariz. 51, 54, ¶ 11 (App. 2015).

¶12 To prevail on their premises liability claim, the McCarthys had to prove that Castle Rock and the Market owed Mr. McCarthy a duty, namely, the duty to maintain the ingress and egress on their properties in a reasonably safe condition. *Perez*, 259 Ariz. at 224, ¶ 7; *Quiroz v. ALCOA, Inc.*, 243 Ariz. 560, 563-64, ¶ 7 (2018).

¶13 The McCarthys cannot establish the existence of such a duty, nor can they prove Mr. McCarthy had a special relationship with Castle Rock or the Market. *Phx. Union High Sch. Dist. No. 210 v. Sinclair*, ___ Ariz. ___, 572 P.3d 80, 87, ¶ 25 (2025) (cautioning against "unreasonabl[e] expan[sion]" of duty to "every business [with] customers jaywalking across a public road to reach the business premises."). Establishing whether Mr. McCarthy had a business-invitee relationship with either Castle Rock or the Market depends on his status at the time he was struck on the highway. *Perez*, 259 Ariz. at 228, ¶ 21. Undoubtedly, Mr. McCarthy would have been a business invitee while on Castle Rock's grounds because he was a guest and would have also been a business invitee while inside the Market. But once Mr. McCarthy left the area to which he was invited, *i.e.*, the property lines of Castle Rock and the Market, the business-invitee relationship was terminated and neither Castle Rock nor the Market owed him a duty at the time he was struck.

¶14 The McCarthys's reliance on *Stephens v. Bashas' Inc.*, 186 Ariz. 427 (App. 1996) is misplaced. In *Stephens*, a business invitee suffered off-premises harm after Bashas' required him to park offsite for a delivery. *Stephens*, 186 Ariz. at 429. We concluded that Bashas' owed the business invitee a duty to maintain ingress into its delivery dock to avoid off-premises injury. *Stephens*, 186 Ariz. at 430-31. Here, however, neither Castle Rock nor the Market required Mr. McCarthy to cross the road afoot; he voluntarily did so.

¶15 The McCarthys argue that a landowner's duty to provide a safe means of ingress and egress includes the duty to prevent off-premises harm to invitees entering or leaving the property, according to *Udy v. Calvary Corp.*, 162 Ariz. 7 (App. 1989). In *Udy*, we held that the landlord owed a duty to a child who was struck by a car while chasing a ball that escaped from the home's unfenced yard. *Id.* at 14 (noting the landlord-tenant relationship required the landlord to "take such precautions for the tenants' safety as a reasonably prudent person would take under similar circumstances in light of the known and foreseeable risks"). But *Udy* is inapposite because it involved a landlord-tenant duty, which is different from the business-invitee relationship here. *See Yoder v. Tux-Xpress Inc.*, 1 CA-CV 16-0396, 2017 WL 1709509, at *3, ¶ 11 n.2 (Ariz. App. May 2, 2017) (mem. decision) (finding *Udy* inapplicable when determining existence of duty to a business invitee because *Udy* addressed only a landlord's duty to a tenant).

¶16 Further, the landlord in *Udy* controlled the tenants' ability to protect themselves from the danger of traffic outside their home. 162 Ariz. at 16 (Jacobson, J., concurring) ("This duty arises out of control."). The landlord repeatedly refused the tenants' multiple requests to build a fence, even at their own expense, and the tenants were unable to simply move to a different home. *Id.* at 9-10. In contrast, neither Castle Rock nor the Market had the authority to install lighting on the public highway. *See* Parker, Ariz., Code §§ 10-14-4, -8; *see also Phx. Union High Sch. Dist. No. 210*, 572 P.3d at 84-85, ¶ 16 (finding school owed no duty to student injured while crossing street that school had no authority to install safety features on).

¶17 The McCarthys also contend that Castle Rock and the Market were aware that pedestrians crossed the highway to visit the respective businesses and knew about "the near total lack of lighting" on both properties. But whether Castle Rock and the Market foresaw potential harm does not create a duty, because foreseeability is no longer a factor in determining duty. *Gipson*, 214 Ariz. at 144, ¶ 15. Arizona no longer imposes an obligation upon landowners "to discover and correct or warn of hazards

which the possessor should reasonably foresee as endangering an invitee." *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 367 (1985). Here, the hazards did not exist on property controlled by either Castle Rock or the Market; rather, they existed entirely on the road, which is state-owned property. The superior court properly granted Castle Rock's motion to dismiss.

**CONCLUSION**

¶18          We affirm.

